IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul Gerald Leger, ) | C/A No.: 1:13-372-TLW-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Maureen Cruz, Warden, ) | |
| ) | |
| Respondent. ) | |

Petitioner Paul Gerald Leger is a federal inmate housed at Federal Correctional Institution ("FCI") Williamsburg who has submitted this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. §636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Petitioner was arrested in April 1998 by local authorities in Florida for a probation violation. [Entry #9-1 at 9]. On November 2, 1998, a writ of habeas corpus ad prosequendum removed Petitioner from state custody for disposition of a federal charge. *Id.* The federal court sentenced Petitioner to a 180-month term of imprisonment on June 22, 1999, for Possession of Computer Disks Containing Visual Depictions Using a Minor Engaging in Sexually Explicit Conduct. *Id.* Federal authorities returned Petitioner to

Florida State custody on July 20, 1999, and Petitioner received a state sentence of four years on August 30, 1999. *Id.* On October 17, 2000, Petitioner received an additional state sentence of six years. *Id.* Petitioner's federal sentence began on July 2, 2002, when state officials remanded Petitioner to the custody of federal authorities. *Id.* The release date for Petitioner's federal sentence is currently calculated as May 8, 2015. *Id.*

Petitioner alleges that the Bureau of Prisons ("BOP") has miscalculated his federal sentence by failing to give credit for the time he spent in state custody, which he claims has resulted in an additional eighteen months of incarceration, mental anxiety, physical stress, financial expenses, and the loss of personal liberties to include early release to a half-way house under the Second Chance Act. [Entry #1 at 2, 4–5]. Petitioner claims that Florida records demonstrate that his four-year state sentence expired on December 13, 2000. *Id.* at 4. Petitioner further alleges that the State of Florida vacated his second six-year state sentence on June 21, 2002. *Id.* Petitioner entered federal custody on July 2, 2002. *Id.* Petitioner argues that credit toward his federal sentence should be granted for the time he spent in state custody between December 13, 2000, and July 2, 2002. *Id.*

Petitioner states that the BOP maintained the correct expiration date of December 13, 2000, for the first state sentence "until around October of 2011 when the date data was arbitrarily changed" to reflect completion of that sentence on April 23, 2002. *Id.* at 5. Petitioner alleges that state records do not support the 2011 re-computation of his federal sentence. *Id.* at 5–6. Petitioner seeks: (1) correction of the BOP's records; (2) re-computation of his federal sentence to incorporate credit for the time between December 13, 2000, through July 2, 2002, and Good Conduct Time credit for that period; (3)

consideration under the Second Chance Act; and (4) monetary damages.[1]  *Id.* at 6–7.  On April 16, 2013, the court received a motion from Petitioner seeking an expedited ruling in this case.  [Entry #14].

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[2] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes.  *Pro se* complaints are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  Nevertheless, the requirement of liberal construction does not mean that the court can

---

[1] Habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973).  However, habeas corpus is not an appropriate or available remedy for damages claims.  *Id.* at 494.

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241.  *See* Rule 1(b).

ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Sentence Calculation

Petitioner claims that the BOP's miscalculation of his federal sentence resulted in the denial of approximately eighteen months of jail-time credit. [Entry #1 at 2]. However, this is Petitioner's second § 2241 petition filed in this court seeking habeas relief from the BOP's alleged sentence miscalculations. *Id.* at 6. A district court may take judicial notice of materials in the court's own files from prior proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that the most frequent use of judicial notice is in noticing the content of court records). Petitioner's prior habeas action *Leger v. Owen*, C/A No. 1:11-2464 ("*Leger I*"), resulted in an order granting summary judgment to the respondent and dismissing the case with prejudice. *Id.* at Entry #40. Petitioner appealed the dismissal of *Leger I* to the Fourth Circuit Court of Appeals, which affirmed the district court's decision. *Id.* at Entry #56.

As in the present petition, BOP records in *Leger I* reflect Petitioner's federal sentence as beginning on July 2, 2002, with eighty days of prior custody credit and 705 days Good Conduct Time credit, resulting in a projected release date of May 8, 2015. *Id.* at Entry #36, p. 4. The BOP records in *Leger I* list April 23, 2002, as the completion date for Petitioner's first state sentence. *Id.* at 3–4. This is the same date that he challenges in the instant petition. The Report and Recommendation ("Report") issued in *Leger I*,

4

which was adopted by the district court, found the BOP's sentence calculation to be correct. *Id.* at *3. The Report further held that Petitioner is not entitled to sentence credit from the time the federal detainer was issued against him because a detainer to hold a prisoner to serve a federal term does not change his state custody status. *Id.* at *4 (citing *Thomas v. Whalen*, 962 F.2d 358, 360 (4th Cir. 1992)). Because the issues presented in the instant petition have been previously litigated, this case is barred by the doctrine of *res judicata*, which "precludes the assertion of a claim after a judgment on the merits in a prior suit" brought by the same parties and based on the same cause of action. *Martin v. Am. Bancorp. Retirement Plan*, 407 F.3d 643, 650 (4th Cir. 2005) (citation omitted). While *res judicata* is ordinarily an affirmative defense, a court may *sua sponte* apply the doctrine of *res judicata* where it has previously decided the issue presented to avoid unnecessary judicial waste. *Georgia Pacific Consumer Prods., LP v. Von Drehle Corp.*, 710 F.3d 527, 531, 535 (4th Cir. 2013) (quoting *Arizona v. California*, 530 U.S. 392, 410–12 (2000)).

"For the doctrine of *res judicata* to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and later suit; and (3) an identity of parties or their privies in the two suits." *Pueschel v. U.S.*, 369 F.3d 345, 354–55 (4th Cir. 2004). The three elements of *res judicata* are present in this case. First, a final judgment has been entered on the merits of Petitioner's prior habeas action. *See Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1181 (4th Cir. 1989) (noting that grants of summary judgment are considered "on the merits" for purposes of *res judicata*). Second, the allegations contained in the instant complaint

5

stem from the same set of facts that gave rise to Plaintiff's claim for relief in his prior § 2241 case. Finally, the respondent in each action is the warden of the prison in which Petitioner is incarcerated.[3] *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (finding that a prisoner's custodian is the proper respondent in a habeas corpus action).

The doctrine of *res judicata* not only "bar[s] claims that were raised and fully litigated," but also "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Peugeot Motors of Am., Inc. v. Eastern Auto Distribs., Inc.*, 892 F.2d 355, 359 (4th Cir. 1989) (internal quotation marks and citation omitted). The undersigned notes that the October 2011 sentence re-computation at issue in the present petition occurred prior to the final disposition of *Leger I* on August 21, 2012.

In addition, 28 U.S.C. § 2244(a) precludes second or successive habeas petitions brought pursuant to 28 U.S.C § 2254, stating:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus.

---

[3] The warden in the instant habeas petition represents the same legal rights in respect to the subject matter involved as did the warden in Petitioner's prior habeas action. *See Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402–03 (1940) ("There is privity between officers of the same government so that a judgment in a suit between a party and a representative of [a governmental entity] is *res judicata* in relitigation of the same issue between that party and another officer of the government.").

28 U.S.C. § 2244(a). While § 2244(a) does not expressly apply its provisions to habeas cases filed under § 2241, several circuit and district courts have held that the law bars a second § 2241 petition where the grounds raised in the second petition have been raised and denied in a prior § 2241 action. *See e.g., Valona v. United States*, 138 F.3d 693, 694–95 (7th Cir. 1998); *Chambers v. United States*, 106 F.3d 472, 475 (2d Cir. 1997); *Glumb v. Honsted*, 891 F.2d 872, 873 (11th Cir. 1990); *Bakenhus v. Rivera*, C/A No. 9:08-2282-HFF-BM, 2009 WL 559925 (D.S.C. March 3, 2009). Because the sentence calculation issues involved in the petition *sub judice* have been, or could have been, addressed by this court in Petitioner's previously-filed § 2241 action, this duplicate claim should be summarily dismissed in the interests of judicial economy and efficiency. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.").

        2.     Second Chance Act

Petitioner also complains that the BOP's alleged sentence miscalculation has resulted in a "loss of freedom or liberty pursuant to the Congressionally enacted Second Chance Act early release to a half-way house." [Entry #1 at 5]. Federal prisoners are designated to places of imprisonment after consideration of five factors set forth in 18 U.S.C. § 3621(b), and pre-release assignments are governed by 18 U.S.C. § 3624(c)(1), which provides that:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will

> afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).

The Second Chance Act of 2007, Pub. L. No. 110-199, 122 Stat. 657, became effective on April 9, 2008, and requires the BOP to issue regulations designed to ensure that early release assignments are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). The BOP's regulations provide that inmates "may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months." 28 C.F.R. § 570.21(a). Thus, both the statute and the regulations set the maximum amount of time that a prisoner may spend in community confinement at twelve months. However, while federal prisoners may receive a maximum twelve-month period of community confinement under the Second Chance Act, there is no presumptive minimum time period for such confinement and no statutory requirement that the BOP place an inmate in community or home confinement for any portion of his sentence. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 251 (3d Cir. 2005) (holding that the BOP's authority to "assign a prisoner to a [community care center] does not mean that it must"). Instead, the Second Chance Act requires only that the BOP consider an inmate for pre-release under the factors set forth in § 3621(b). *See Wedelstedt v. Wiley*, 477 F.3d 1160, 1168 (10th Cir. 2007).

In the present case, Petitioner provides no facts to indicate that the BOP has failed to consider him for pre-release under the § 3621(b) factors, that the BOP has found him ineligible for community confinement, or that the BOP is even under any obligation to make such a determination at this time.  Given Petitioner's projected release date of May 8, 2015 [Entry #9-1 at 9], he will not be eligible for the BOP's discretionary placement in a community confinement center before May 8, 2014.  Thus, Petitioner's claims under the Second Chance Act are also subject to summary dismissal under the doctrine of ripeness, which "prevents judicial consideration of issues until a controversy is presented in clean-cut and concrete form."  *Ostergren v. Cuccinelli*, 615 F.3d 263, 287–88 (4th Cir. 2010) (citation omitted).  Because Petitioner provides no facts to demonstrate that the BOP has violated the provisions of the Second Chance Act, his claims thereunder are subject to summary dismissal.

III.    Conclusion and Recommendation

Accordingly, it is recommended that the petition in the above-captioned case be dismissed without prejudice.  It is further recommended that Petitioner's motion to expedite the ruling in this case [Entry #14] be denied as moot.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 25, 2013                                              Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).