IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Paul Gerald Leger, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Civil Action No.: 1:13-cv-00372-TLW |
| Maureen Cruz, Warden, | ) ) ) |
| Respondent. | ) ) ) |

**ORDER**

This matter comes before this Court on Petitioner's pro se motion for summary judgment (Doc. #29) filed on February 19, 2014 and motion for new trial and motion to alter or amend the judgment (Doc. #31) filed on March 10, 2014.

Petitioner's motion for summary judgment (Doc. #29) is untimely as this case is closed. On February 10, 2014, this Court accepted the Magistrate Judge's Report and Recommendation dismissed the above-captioned case without prejudice and without issuance and service of process. (See Docs. #26, 27). Moreover, after careful review, the Court concludes that Petitioner's motion for new trial and motion to alter or amend the judgment is without merit.

According to the motion, Petitioner files his motion for a new trial and to alter or amend the judgment pursuant to Federal Rules of Civil Procedure 59 and 52. Although Rule 59(e) does not itself provide a standard under which a District Court may grant a motion to alter or amend a judgment, the Fourth Circuit Court of Appeals has recognized three grounds for a court to alter or amend an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010); Pacific

Ins. Co. v. American National Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) cert. denied, 525 U.S. 1104 (1999).  Thus, Rule 59(e) permits a District Court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Pacific Ins. Co., 148 F.3d at 403 (citing Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995)).

However, Rule 59(e) motions may not be used to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. Id.  Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding. Id. (citing Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996)).  In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. Id.

In light of the foregoing standards, the Court has carefully reviewed the Petitioner's motion.  After careful consideration of the relevant filings, this Court concludes there is no basis under Federal Rules of Civil Procedure 59(e) or 52 for this Court to modify its Order (Doc. #26) and Judgment (Doc. #27) entered on February 7, 2014 and February 10, 2014, respectively.

More specifically, the Court notes that the Petitioner asserts in his motion for summary judgment (Doc. #29), Objections (Doc. #30) to this Court's February 7, 2014 Order (Doc. #26) dismissing the instant action, motion for a new trial or to alter or amend the judgment (Doc. #31), and original Objections (Doc. #18) filed to the Report and Recommendation that was ultimately accepted by this Court, that the Report and Recommendation (Doc. #16) "was based upon the erroneous presumption that this instant § 2241 Petition for writ of habeas corpus, challenges the same projected release date as was challenged in the first § 2241 petition, in Leger

2

v. Owen, Case No. 1:11-2464." (Doc. #31 at 1). After careful consideration, the Court finds there is no basis to conclude that the instant § 2241 petition challenges a different calculation than was raised and addressed on the merits in the Petitioner's previous § 2241 petition, Leger v. Owen, Case No. 1:11-2464.

Additionally, there has been no showing by the Petitioner that the Court's previous analysis warrants reconsideration or that the conclusions previously reached by this Court and discussed in the Order dismissing this case (Doc. #26) regarding the challenged release date are erroneous. The Report and Recommendation (Doc. #16) recommending dismissal of the instant action and accepted by this Court specifically states, "As in the present petition, BOP records in Leger I reflect Petitioner's federal sentence as beginning on July 2, 2002, with eighty days of prior custody credit and 705 days Good Conduct Time credit, resulting in a projected release date of *May 8, 2015*. The BOP records in Leger I list April 23, 2002, as the completion date for Petitioner's first state sentence. *This is the same date that he challenges in the instant petition*. The Report and Recommendation issued in Leger I, which was adopted by the district court, found the BOP's sentence calculation to be correct." (Doc. #16 at 4 (emphasis added); see also Leger I, Case No. 1:11-2464 Doc. #36 at 3–4).

Moreover, the Report and Recommendation in Leger I specifically states that the "BOP's projected release date of Petitioner from the federal sentence [is] *May 8, 2015*." (Leger I, Case No. 1:11-2464 Doc. #36 at 4 (emphasis added)). That is the same projected release date the Petitioner indicates he challenges in the instant petition. Thus, there is no basis to amend the Court's conclusion stated in the Order dismissing this case that "the instant § 2241 petition challenges the same projected release date as was challenged in the first petition. . . . [and] accordingly, the instant case is dismissed with prejudice for the reasons articulated in this

3

Court's previous Order dismissing Petitioner's first habeas petition." (Doc. #26 at 2 n.1 (citing Leger I, Case No. 1:11-2464, Doc. #40).

In addition, after review of the record in this matter and the filings of the Petitioner, the Court concludes that the Petitioner has not shown there was an improper calculation of Petitioner's federal sentence. In light of the fact that the Petitioner has made no such showing, he is not entitled to relief on the merits.

Accordingly, after careful consideration, **IT IS ORDERED** that Petitioner's motion for new trial and motion to alter or amend the judgment (Doc. #31) is **DENIED. IT IS FURTHER ORDERED** that Petitioner's motion for summary judgment (Doc. #29) is denied as **MOOT**.

**IT IS SO ORDERED.**

s/ Terry L. Wooten<br>
TERRY L. WOOTEN<br>
Chief United States District Judge

July 31, 2014
Columbia, South Carolina